IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cr-30151-SMY |
| | ) |
| DEMTRIUS D. MOORE, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant Demtrius D. Moore was sentenced on September 20, 2020, to 36 months imprisonment for making a false statement to a federal agent and impersonating an officer and employee of the United States (Docs. 46, 48). He is currently housed at FCI Terre Haute, and his projected release date is September 10, 2022.

Now pending before the Court is Moore's motions for compassionate release pursuant to the First Step Act of 2018 in which he seeks release due to the COVID-19 global pandemic (Docs. 66, 68). The Government filed a motion seeking to dismiss Moore's motions invoking the affirmative defense of failure to exhaust administrative remedies (Doc. 71).[1] Moore has not responded to the Government's motion despite being directed by the Court to respond by May 25, 2021 (Docs. 72, 74).

Section 603 (b)(1) of the First Step Act permits the Court to reduce a term of imprisonment upon motion of either the Director of the Bureau of Prisons ("BOP") or a defendant for

---

[1] Because the proper means to dispose of a motion is by denial, the Government's motion is construed as its response in opposition to Defendant's motions. The Clerk of Court is **DIRECTED** to correct the docket accordingly.

"extraordinary or compelling reasons" so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). A defendant seeking compassionate release must first request that the BOP file a motion seeking the same. *Id*. If the BOP declines to file a motion, the defendant may file a motion on his own behalf, provided he has either exhausted administrative remedies or 30 days have elapsed since the warden at his institution received such a request, whichever is earliest. *Id*. The exhaustion requirement in § 3582(c)(1)(A) is an affirmative defense that must be properly invoked by the Government. *See Sanford v. United States*, 986 F.3d 779, 782 (7th Cir. 2021).

Moore was confined at the Randolph County Jail at the time he filed his motions for compassionate release. Because Moore was in the Randolph County Jail at the time he filed his motions, he could not have exhausted his administrative remedies – which requires that he first file a request for reduction in sentence with the warden of the BOP facility of incarceration. Accordingly, Moore has not met his burden to establish exhaustion and his motions for compassionate relief (Docs. 66, 68) are **DENIED without prejudice.**

    **IT IS SO ORDERED.**

    **DATED:  April 22, 2022**

**STACI M. YANDLE**
**United States District Judge**