IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cr-30091-SMY |
| | ) |
| DEWAYNE HILL, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant Dewayne Hill was sentenced on March 3, 2015, to 180 months imprisonment for conspiracy to distribute and possess with intent to distribute cocaine (Count 1) and possession of a firearm in furtherance of a drug trafficking crime (Count 2) (Docs. 27, 29). He is currently housed at USP Marion, and his projected release date is February 16, 2026.

Now pending before the Court is Hill's Motion for Compassionate Release pursuant to the First Step Act of 2018 (Doc. 465). The Government has responded in opposition (Doc. 467). For the following reasons, the motion is **DENIED.**

## Background

COVID-19 is a contagious virus spreading across the United States and the world. Individuals with certain underlying medical conditions, such as serious heart conditions and chronic lung disease, and those who are 65 years of age and older carry a heightened risk of severe illness and death from the virus. People Who Are at Higher Risk for Severe Illness, CENTERS FOR DISEASE CONTROL & PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited April 22, 2022). As of April 21, 2022, there were 0 positive COVID-19 cases among inmates and staff members at USP Marion. *See*

htttps://www.bop.gov/coronavirus/ (last visited April 22, 2022). USP Marion has a current inmate population of 1,385. *See* https://www.bop.gov/locations/institutions/mcr/ (last visited April 22, 2022).

Hill is 47 years old and suffers from diabetes, high blood pressure, obesity, high cholesterol, sleep apnea, and neuropathy in his legs. While Hill has been fully vaccinated, he asserts that he remains at risk for severe illness due to his medical conditions and would be safer at home rather than in a prison environment.

### Discussion

Section 603 (b)(1) of the First Step Act permits the Court to reduce a term of imprisonment upon motion of either the Director of the Bureau of Prisons ("BOP") or a defendant for "extraordinary or compelling reasons" so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). A defendant seeking compassionate release must first request that the BOP file a motion seeking the same. *Id*. If the BOP declines to file a motion, the defendant may file a motion on his own behalf, provided he has either exhausted administrative remedies or 30 days have elapsed since the warden at his institution received such a request, whichever is earliest. *Id*.

The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and continues to represent a serious issue for prisons. Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene, social distancing, and isolation – practices that are difficult to maintain in a prison setting. There continues to be outbreaks of COVID-19 in prisons despite the safety protocols and policies that have been implemented.

Hill alleges that he is at an increased risk from contracting COVID-19 and suffering severe

illness should he do so because suffers from serious health conditions, including diabetes, obesity, and hypertension.  According to the CDC, individuals with Hill's conditions *may* be at an increased risk of severe illness if they contract COVID-19.  However, Hill has been fully vaccinated and has not established that he is unable to medically benefit from that vaccination.  *See United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("A prisoner who can show that he is unable to receive or benefit from a vaccine still may turn to [the compassionate release] statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release.") ; *see also United States v. Howie*, No. 20-3445, 2021 WL 3611771, at *4 (7th Cir. Aug. 16, 2021).  Further, USP Marion currently has no infected inmates are staff.  Considering the totality of circumstances, the undersigned concludes that Hill does not present an extraordinary and compelling reason for his release at this time.

    For the foregoing reasons, Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582 (c)(1)(A) as Amended by the First Step Act of 2018 (Doc. 184) is **DENIED**.

    **IT IS SO ORDERED.**

    DATED:  April 22, 2022

**STACI M. YANDLE**
**United States District Judge**